**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SAN FRANCISCO TYPOGRAPHICAL UNION NO. 21, INTERNATIONAL TYPOGRAPHICAL UNION, AFL–CIO, Respondent.**

Nos. 71–2949, 71–2987.

United States Court of Appeals, Ninth Circuit.

May 18, 1973.

Rehearing Denied Nov. 14, 1973.

---

Michael S. Winer (argued) NLRB, San Francisco, Cal., Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, NLRB, Washington, D. C., Roy O. Hoffman, Director, Region 20, NLRB, San Francisco, Cal., Abigail Cooley Baskir, Atty., NLRB, Washington, D. C., for appellant.

Duane B. Beeson (argued) of Brundage, Neyhart, Grodin & Beeson, San Francisco, Cal., for appellee.

Nathan R. Berke (argued) of Severson, Werson, Berke & Melchior, San Francisco, Cal., for the charging party.

Nathan R. Berke, (argued) of Severson, Werson, Berke & Melchior, San Francisco, Cal., for San Rafael Independent Journal.

Before MERRILL and ELY, Circuit Judges, and SOLOMON, District Judge.*

SOLOMON, District Judge:

The National Labor Relations Board (the Board) seeks to enforce its orders directing the Typographical Union to rescind the disciplinary actions the Union took against four members who were supervisory employees of the San Rafael Independent Journal (Journal). The Board contends that the Union may not punish these men for violating Union rules and policy, even though they crossed and worked behind the Union's picket lines.

Gordon Dixon was the mechanical superintendent and the foreman of the composing room. On October 10, 1969, Dixon, exercising his authority as foreman, discharged Paul Austin because Austin took an afternoon off without permission. The Union voted to require Dixon to reinstate Austin, but Dixon refused. The President of the Union

* Honorable Gus. J. Solomon, United States District Judge, Portland Oregon, sitting by designation.

filed charges against Dixon, and, after a hearing, Dixon was fined $418.00.

The Board determined that the Union's action was an unfair labor practice, and it ordered the Union to rescind the fine and expunge Dixon's record.

Later, the Union disciplined Robert Dixon, Earl Dixon and Ernest Fingerlos because they crossed the Union's picket line. On January 7, 1970, the Union struck the Journal after a breakdown in contract negotiations. Robert and Earl Dixon, both assistant foremen in the composing room, ignored the picket line and continued to work. The Union expelled and fined them each $10,000.00 for strikebreaking.

Ernest Fingerlos was the chief machinist. Fingerlos first joined the strike but returned to his job about three months later while the strike was still in progress. The Union expelled Fingerlos and fined him $10,000.00.

Gordon Dixon also crossed the picket line and was charged with strikebreaking. The Union had tried him, but at the time of the Board's hearing, the results were not known to the trial examiner.

The Board found that the Union illegally punished the strikebreakers and ordered the Union to rescind the fines, reinstate the men, and expunge their records.

Section 8 of the National Labor Relations Act, 29 U.S.C. § 158, defines unfair labor practices. It provides, in part, that:

> (b) It shall be an unfair labor practice for a labor organization or its agents—

> (1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in Section 7: *Provided,* That this paragraph shall not impair the right of a labor organization to prescribe its own rules with respect to the acquisition or retention of membership therein; or (B) an employer in the selection of his representatives for the purposes of

collective bargaining or the adjustment of grievances . . . .

■ The Board acknowledges that Section 8(b)(1)(A) does not prevent a union from imposing reasonable fines on members who cross a picket line, or from expelling them. NLRB v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 87 S.Ct. 2001, 18 L.Ed.2d 1123 (1967). But the Board contends that here the Union violated Section 8(b)(1)(B) because the members were supervisors.

The Union contends that it can discipline a supervisor for the same reasons it can discipline any other member.

■ The Union fined Gordon Dixon because he discharged an employee. Dixon acted in his capacity as a foreman empowered by the Journal to punish employees who violate company rules. By fining Dixon, the Union interfered with Dixon's position as a supervisor and committed an unfair labor practice under Section 8(b)(1)(B). NLRB v. Toledo Locals Nos. 15-P and 272 of the Lithographers and Photo-Engravers Int'l. Union, 437 F.2d 55 (6th Cir. 1971).

The Union's punishment of the strikebreakers presents a different issue. Although Robert and Earl Dixon and Ernest Fingerlos were supervisors, the Union did not punish them for exercising any management duty.

■ These three men refused to honor the picket line of their Union, and there is no reason to treat them differently than nonsupervisors. The Journal's right to select management representatives under Section 8(b)(1)(B) is not affected by the Union's action.

■ In *Allis-Chalmers,* the Supreme Court said that "[t]he economic strike against the employer is the ultimate weapon in labor's arsenal for achieving agreement on its own terms, and '[t]he power to fine or expel strikebreakers is essential if the union is to be an effective bargaining agent . . . .'" *Id.* 388 U.S. at 181, 87 S.Ct. at 2007. Here, the Board's broad interpretation of Section

8(b)(1)(B) threatens that power. It is an unjustifiable extension of the limited language of Section 8(b)(1)(B). Had the members elected to resign from the Union, the power of the Union over them would have ended. NLRB v. Granite State Joint Board, etc., 409 U.S. 213, 93 S.Ct. 385, 34 L.Ed.2d 422 (1972). But here the members remained in the Union, and therefore continued to be subject to their obligations as members.

■ The Board has not passed on whether the $10,000 fines are unreasonable, and therefore illegal, under *Allis-Chalmers*. We express no opinion on that issue. The Board must make that determination in the first instance. Morton Salt Co. v. NLRB, 472 F.2d 416 (9th Cir., 1972), petition for cert. filed, March 6, 1973, No. 72-1210.

The issue of whether the expelled members lose their Union benefits is not properly before us, and we express no opinion on that issue.

We grant enforcement of the Board order rescinding the $418.00 fine against Gordon Dixon, and we remand to the Board for further proceedings relative to the $10,000.00 fines. Otherwise, enforcement is denied.

## ON PETITION FOR REHEARING

In its petition for rehearing the Board has asked us to reconsider our decision that Section 8(b)(1)(B) does not prevent unions from fining supervisors who perform rank-and-file work behind a picket line.

The Board has asked us to consider NLRB v. Local 2150, International Brotherhood of Electrical Workers, 486 F.2d 602 (7th Cir. 1973), decided shortly after we issued our opinion. In that case strikebreaking supervisors held withdrawal cards which entitled them to pension benefits and waiver of reinstatement requirements. They were fined by the union for crossing picket lines and performing rank-and-file struck work.

The Seventh Circuit found that the imposition of such fines was an unfair labor practice because the supervisors were exercising a proper managerial function and were therefore protected under the Act.

Our attention has also been called to International Brotherhood of Electrical Workers v. NLRB, 487 F.2d 1143 (D.C. Cir. 1973) (on rehearing in banc). In that case, also decided after our opinion was announced, the D. C. Circuit, in banc, on a rehearing, came to the opposite conclusion. That Court found, as we did, that although strikebreaking may be in the employer's economic interest, supervisors who perform rank-and-file struck work are not representing the employer "for the purposes of collective bargaining or the adjustment of grievances" under Section 8(b)(1)(B). We agree.

NLRB v. Boeing Co., 412 U.S. 67, 93 S.Ct. 1952, 36 L.Ed.2d 752 (1973), was decided after our opinion was filed. We held that the Board was required to pass on the reasonableness of the $10,000 fines imposed by the union on two of its supervisory members. We remanded the case to the Board for further proceedings on these fines. In *Boeing* the Supreme Court held that the reasonableness of union fines must be decided in a separate proceeding by the state courts and not by the Board. We therefore delete that portion of our opinion remanding the case to the Board to consider the reasonableness of the $10,000 fines.

In all other respects we adhere to our former opinion.

The full court was informed of the suggestion for an in banc hearing, and no judge requested a vote on the suggestion for a rehearing in banc. Fed.R.App.P. 35(b).

The petition for rehearing is denied, and the suggestion for a rehearing in banc is rejected.